Judge Simpson
delivered the opinion of the Court.
The Sheriff, having, by virtue of attachments that ® * issued in two suits in Chancery, seized and taken into his possession, a quantity of unbroken hemp in ricks, the Court made an order directing Goggin, the Deputy Sheriff, to sell so much of the hemp attached as would make the sum of nine hundred dollars, and to take a •bond with good security for the purchase money to himself as commissioner. The sale to be made on a credit of twelve months with interest from the date, after advertising the time and place of sale, as required in sales under execution.
Goggin made a sale of the hemp in pursuance of the order of Court, and Leavitt the plaintiff in error, became the purchaser, and executed his bond with security, payable to Goggin, Deputy Sheriff, &c., twelve months after date, with interest thereon from the date.
An execution having issued upon the bond, after it became due, the obligors made a motion to the Court to quash it, and the motion having been overruled, they have brought the case to this Court.
A bond taken by a deputy Sheriff, payable to him-sell as such, upon the sale of property attached by order oí the Chancellor, when the order directed it to be taken to himself as Commissioner: Held to be no ground for quashing the bond.
The Chancellor may propeily direct ihat bonds taken upon the sale of property made by his or? der, shall have the force and effect of replevin bonds. But unless the order of sale or decree contain such pro vision, no execution can issue on a bond taken under an order oí sale or decree— but will be enforced by the Chancellor by rule attachment, &c., or action at law upon the bonds.
It is now contended lhat the execution should have been quashed upon two grounds:
First. The bond was made payable to Goggin as Deputy Sheriff, and not as Commissioner; as required by the order of the Court.
Second. The order of the Court under which the sale was made, did not provide that the bond to be executed by the purchaser, should have the force and effect of 'a replevin bond, or a sale bond under execution, and therefore no execution could issue upon it.
As it respects the first ground, the bond upon its face shows that the sale was made by Goggin, under an older or decree of the Court in the Chancery suits in which the hemp sold was attached, and as he acted as Commissioner in making the sale, and took the bond payable to himself as required, the omission to style himself Commissioner in the bond is immaterial. The bond is due to him in that character, as is apparent from all the proceedings, and the styling of himself in the bond, Deputy Sheriff, must be regarded as merely descriptive of the person, and not of the character in which he acted, and does not affect the validity of the sale, or of the bond executed by the purchaser.
But the second ground assumed is moro tenable. We know of no statutory provision, nor has any been referred to. giving to bonds taken by Commissioners on sales made by them, under orders or decrees in Chancery suits, merely as such, the force and effect of judgments or decrees, so as to authorize executions to issue upon them. Conceding that the Chancellor has the power, which is believed to have been very generally exercised, and which power having been so long acquiesced in, and recommended by its expediency, should not now be questioned, to provide in an order or decree directing a sale by a Commissioner, that the bond executed by the purchaser, shall have the force of a replevin bond, so that execution may issue upon it; still it is the decree or order of the Court made previous to the sale that imparts to the bond that effect, to which the purchaser in the execution of the bond yields his *231 ■assent; and as the order under which the sale in this case was made, contained no such provision, no execution could rightfully issue upon the bond, and the motion to quash the execution that issued upon it should have been sustained. The payment of the bond can be enforced by the Chancellor by rule and attachment, or he can remit the parties entitled, to the benefit of the bond, to their legal remedy by an action at law upon it.
T. N. Lindsay for plaintiffs; H. Taylor and T. Y. Payne for defendants.
Wherefore the order overruling the motion is reversed, and cause remanded with directions to sustain the motion and quash the execution.